## HANDY CHOCOLATE CO. v. BOSTON & A. R. R. et al.

### No. 4223.

District Court, D. Massachusetts.

April 30, 1930.

Harry Silverman, of Boston, Mass., and Blank & Lesser, of Brooklyn, N. Y., for plaintiff.

Geo. H. Fernald, Jr., and W. L. Parsons, both of Boston, Mass., for defendants.

MORTON, District Judge.

This is an action on a reparation award made by the Interstate Commerce Commission in favor of the plaintiff. The defendants contend that on the facts, as found by the Commission, the award was not justified. A jury trial having been waived, the case was heard before me on all questions of fact and of law.

There appears to be no dispute between the parties as to the essential facts. From 1922 to 1925 the plaintiff shipped from Oak Street Station, on the Boston & Albany Railroad near Springfield, Mass., carload lots of chocolate coating to Baltimore, Md. There were published tariffs giving freight rates from Springfield and vicinity to Baltimore, which included the classification in which chocolate coating was placed. It was in the third class in the tariffs of the official or Eastern district, in which both Springfield and Baltimore are located. The defendant accordingly charged and collected the appropriate freight rate for that class on the shipments in question.

In February, 1923, the defendant put out a tariff which included Lynchburg, Va. On the front of this tariff is advertised as required by the Commission:

"Publication of Rates from or to Intermediate Points. By authority of Rule 77 of Interstate Commerce Commission Tariff Circular No. 18–A, this tariff is not made applicable from or to all intermediate points. Upon reasonable request therefor rates which will not exceed those in effect from or to more distant points will, under authority granted by the Interstate Commerce Commission, be established from or to any intermediate point hereunder upon one day's notice to the Commission and to the Public."

Lynchburg is in the Southern rate division in which chocolate coatings take the fifth class instead of the third, and consequently a lower freight rate. It is several hundred miles beyond Baltimore. Both parties agree that the proper classification of freight for rate purposes is determined by the rate in the division of destination. The fifth-class rate to Lynchburg was lower than the third-class rate to Baltimore. The plaintiff contended that the notification under rule 77 above referred to amounted to a promise or offer by the carrier not to charge a higher freight for a short haul than for a longer one; and that it was entitled to have the Lynchburg rate applied to its Baltimore shipments. The plaintiff also insists that it claimed before the Commission that the Baltimore rate was

intrinsically unreasonable, and that the Commission so decided. As to this, it is clear that the Commission did not so understand the matter. In the majority opinion the petitioner's position is stated as follows: "In its petition complainant urges that the act of defendants in publishing * * * a rule 77 notation * * * was a holding out, upon which it was entitled to rely, that its shipments would be charged at a rate not higher than that to the more distant points;" and it is further said, "We are not here concerned with the intrinsic reasonableness of either the rate to the more distant point or the rate charged to the intermediate point, but only with the fact that complainant under the language of the tariff was just as much entitled to the lower rate as if it had been actually published to the intermediate point." This interpretation of the case was quoted by the Commission with approval in American Hide & Leather Company v. Boston & Maine Railroad Company decided February 21, 1929. In the dissenting opinion of Commissioner Brainerd it is said "The majority report finds neither that the charges collected were unreasonable nor that they were in excess of those provided by the tariffs as published." The expressions relied upon by the plaintiff are, I think, only discussion of the question decided.

That the case involves difficult questions is indicated by the fact that the Commission reversed its first decision and appears finally to have divided six to four on them. The detailed facts and the opposing views held by the majority and the dissenting members are fully stated in the decision of the Interstate Commerce Commission, and need not be repeated here. 146 I. C. C. 213.

The underlying difficulty, out of which the dispute arose, was that there were two published rates from Oak street to Baltimore which were inconsistent, i. e., the third-class rate in the regular tariffs, and the Lynchburg rate in connection with the notification that intermediate rates based upon it would be granted. The first, and in my opinion the decisive, question is as to the effect of this notification. In terms, it applied to all classes of freight. The majority of the Commission held that it should receive its literal meaning, and that it covered, not only commodity rates, but also class rates. It is clear—indeed there is no dispute upon the point—that rule 77 deals only with commodity rates. The notification in question was set out in terms in the rule, and was required by the rule to be printed on all schedules car-

rying commodity rates. The schedule in question contained a few of them, and the notice had to be given. Reading the notification in connection with the rule requiring it, no one can doubt that it was intended to apply only to commodity rates. Valid regulations and rules of the Interstate Commerce Commission are binding, not only upon the carrier, but upon the public. The notification expressly referred to rule 77, and shippers were bound to take notice of it; the wording was not that of the railroad company, nor was it voluntarily used. It was a prescribed official form; and it should be construed accordingly in connection with the rule, and not as if it stood alone. While the decision of the Commission carries great weight, it is not conclusive. For the reasons above stated, and those contained in the dissenting opinions, I am unable to agree with it.

It is unnecessary to pass upon the other points urged by the defendants.

Judgment for defendants.